## No. 328

### BANK v. SURETY COMPANY

U. S. Circuit Court of Appeals, 6th Circuit
No. 3875. Decided Dec. 14, 1923

47. BANKS AND BANKING—Bank in which check describing payee as trustee was deposited not charged with knowledge that it belonged to bankrupt estate—Bank not chargeable with money received from trustee and repaid to him.

DONAHUE, C. J.

#### Epitomized Opinion

Published Only in Ohio Law Abstract

This suit was a suit of the National Surey Co. v. the Commercial Savings Bank & Trust Company. In 1921 one Fenton was appointed trustee in bankruptcy of the estate of Frank Dreyfus, bankrupt, and in 1921 gave bond in the sum of $5,000 with the National Surey Company as surety thereon. Prior to this, one Shoemaker had been appointed receiver and in 1921 delivered to Fenton this check for money in his possession belonging to the bankrupt estate. Fenton deposited this check to the credit of his own personal account with the defendant bank. Fenton drew upon this account and appropriated the bankrupt estate to his own use. He was then removed.

The surey company then filed a complaint praying that the bank be required to pay the sum of $5,058.10, the amount deposited in it and that it be exonerated from all responsibility on Fenton's bond. The bank filed an answer setting up the above facts and the court rendered a judgment on the pleadings for the sureyt company. The bank prosecuted error. In reversing the judgment, the Court of Appeals held:

1. If check was signed by receiver in bankruptcy as "trustee" of bankrupt, and was payable to "F., trustee," and recited that it was "for balance on hand in the matter of D., bankrupt," it did not bring to the bank in which F. deposited it knowledge that F. received the money as trustee of the bankrupt estate; the word "trustee," standing alone, being descriptive merely.

2. Where bank credited to personal account of trustee in bankruptcy a check payable to one described as "trustee," and a few days later paid the amount to its repositor on his check to his own order as trustee, it was not liable for his subsequent embezzlement of the fund.

Attorneys—George W. Ritter, for Bank; George R. Effler, for Surety Company. --